SUMMARY ORDER
Plaintiff, the Estate of Yaron Ungar, appeals an order by the district court quashing its subpoena served on White & Case LLP, the attorney for the Non-Party-Appellee, Orascom Telecom Holding S.A.E. (“Orascom”). We assume the parties’ familiarity with the facts and procedural history of this case, and the issues presented on this appeal.
This suit arises out of a default judgment Plaintiff received against the Palestinian Authority for a 1996 terrorist attack that killed Yaron and Efrat Ungar in Israel. See Estates of Ungar & Ungar ex rel. Strachman v. Palestinian Authority, 325 F.Supp.2d 15, 69 (D.R.I.2004). The judgment was registered in the Southern District of New York pursuant to 28 U.S.C. § 1968. In an effort to satisfy at least a part of this unpaid judgment, it appears that Plaintiff is attempting to garnish a debt that Orascom allegedly owes an alleged alter ego of the Palestinian Authority. The instant appeal arises out of a set of subpoenas Plaintiff served on Orascom and other non-parties for information regarding Orascom’s contacts with the Unit *645 ed States in order to establish personal jurisdiction over Orascom. Orascom moved to quash the subpoenas against itself and the other non-parties to the suit. The district court granted Orascom’s motion with regard to Orascom and its attorneys at White & Case LLP. On appeal, Plaintiff only challenges the quashing of the subpoena served on White & Case LLP.
We review legal questions of standing de novo. Vt. Right to Life Comm,., Inc. v. Sorrell, 221 F.3d 376, 382 (2d Cir.2000). Because Orascom was claiming a privilege regarding the material sought in the subpoena, it had standing to challenge the subpoena served on White & Case LLP. Cf. Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir.1975) (“In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness.”); see 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (3d ed. 2008) (“Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.” (footnote omitted)).
We review a district court’s quashing of a subpoena for a clear abuse of discretion. Logan v. Bennington Coll. Corp., 72 F.3d 1017, 1027 (2d Cir.1995). We conclude that the district court acted well within its discretion in quashing the subpoena — which asked for essentially every document White & Case LLP possessed relating to its representation of Or-ascom all over the world — because it was overly broad and burdensome. See Fed. R.Civ.P. 45(c)(3)(A); cf. Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38, 42 (1st Cir.2003).
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.